UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Christopher Beltran

   v.                                        Civil No. 10-cv-227-JD

Attorney General of the State
of New Hampshire, et al.

**O R D E R**

     Before the Court is Christopher Beltran's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, asserting claims alleging that his conviction and sentence violate the United States Constitution. The matter is before the Court for examination pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"). Pursuant to that rule, a judge must promptly examine a § 2254 petition and dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." I find that in this case it does plainly appear on the face of the petition that Beltran is not entitled to relief. Accordingly, for the reasons explained herein, the petition is dismissed.

## Background

     On September 30, 2004, Christopher Beltran was convicted in the New Hampshire Superior Court for the Northern District of

Hillsborough County of two counts of second degree murder after a jury trial.  Beltran was sentenced to two consecutive prison terms, resulting in a 100-year minimum sentence.

Beltran appealed his conviction to the New Hampshire Supreme Court.  That Court affirmed the conviction on June 14, 2006.  Beltran subsequently petitioned the Superior Court Sentence Review Board to reconsider his sentence.  On January 29, 2007 or 2008,[1] the Sentence Review Board upheld the sentence imposed.  Beltran is currently housed in the New Jersey State Prison serving his New Hampshire sentence.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, et seq., sets a one-year limitations period for federal habeas petitions by state prisoners.  See 28 U.S.C. § 2244(d)(1).  AEDPA's one-year limit runs from the time that the state court judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).

---

[1] Beltran's petition indicates that he had a hearing before the Sentence Review Board on "November 16, 2007" and that his sentence was upheld on "January 29, 2007."  It appears the petitioner made a typographical error, and that the latter date should be "January 29, 2008," which is the date the Court will use in deciding this matter.

Beltran's conviction became final on June 14, 2006, when the New Hampshire Supreme Court issued its opinion in his direct appeal. There is no indication that Beltran filed any motion to reconsider that decision, or a petition for a writ of certiorari in the United States Supreme Court. In the ordinary course of events, therefore, the limitations period for filing a federal habeas corpus petition would have expired, at the latest, 120 days after June 14, 2006, or on October 12, 2006.[2]

Certain statutory exceptions to the statute of limitations exist where the untimely filing was caused by state-impeded relief, new constitutional rights created by the Supreme Court, or newly discovered facts underpinning the claim. See David v. Hall, 318 F.3d 343, 344 (1st Ci. 2003); 28 U.S.C. § 2244(d)(1)(B)-(D). AEDPA excludes from the one-year limitations period "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).

---

[2]One hundred and twenty days is the period of time Beltran had available, upon the affirmance of his direct appeal, to file a petition for a writ of certiorari in the United States Supreme Court.

3

At some point Beltran filed a petition for review by the Sentence Review Board, and the Sentence Review Board declined his request for a reduced sentence on January 29, 2008.  The First Circuit has recently decided that proceedings pursuant to a state post-conviction motion to reduce an imposed sentence tolls the statutory limitations period in a federal habeas action.  See Kholi v. Wall, 582 F.3d 147, 156 (2009), cert. granted, Wall v. Kholi, ___ U.S. ___, ___, 130 S. Ct. 3274 (May 17, 2010) (No. 09-868).  Presuming that proceedings before the Sentence Review Board would be treated in the same manner as motions to reduce a sentence, those proceedings would toll the limitations period.  The latest date upon which the Sentence Review Board's decision could have become final, and therefore the latest date upon which the one-year limitations period for his federal habeas petition could begin to accrue, was January 29, 2008.[3]  The limitations period for filing this petition, therefore, would have expired on February 28, 2009, more than fifteen months prior to June 14,

---

[3]The statute providing New Hampshire convicts with the ability to petition for sentence review does not provide for direct appeal of a decision of the Sentence Review Board.  See N.H. Rev. Stat. Ann. § 651:58; In re Evans, 154 N.H. 142, 145, 908 A.2d 796, 799 (2006).

2010, the date Beltran's § 2254 petition was actually filed in this Court. Beltran's petition is therefore untimely.

<u>Conclusion</u>

Beltran's petition for a writ of habeas corpus (document no. 1) is dismissed as untimely. Beltran's motion to appoint counsel (document no. 3) is denied as moot.

Beltran may move for a certificate of appealability under 28 U.S.C. § 2253(c), with a supporting memorandum, on or before September 30, 2010. The Warden shall file a response within ten days after the date the motion is filed. <u>See</u> § 2254 Rule 11.

**SO ORDERED.**

/s/ Joseph A. DiClerico
Joseph A. DiClerico, Jr.
United States District Judge

Date: August 30, 2010

cc: Christopher Beltran, pro se