UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Christopher Beltran

    v.                              Civil No. 10-cv-227-JD

Attorney General of the State
of New Hampshire, et al.

O R D E R

Christopher Beltran, proceeding pro se, brought a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging his state conviction and sentence on charges of second degree murder. Beltran also moved for appointment of counsel to represent him in the habeas proceeding.

The court reviewed Beltran's motion under Rule 4 of the Rules Governing Section 2254 Cases in the District Courts. Because Beltran's petition was untimely, in accordance with Rule 4, the court was required to dismiss the petition. The motion to appoint counsel was denied as moot.

The order dismissing the petition issued on August 30, 2010. In the conclusion of the order, the court stated:

> Beltran may move for a certificate of appealability under 28 U.S.C. § 2253(c), with a supporting memorandum, on or before September 30, 2010. The Warden shall file a response within ten days after the date the motion is filed. See § 2254 Rule 11.

Despite the opportunity to file a motion for a certificate of appealability in this court, Beltran failed to do so. Instead, Beltran filed a notice of appeal along with a "Letter-Brief in Support of Petitioner's Request for a Certificate of Appealability," directed to the First Circuit Court of Appeals. The Warden filed a "Notice in Response to Petitioner's Request for a Certificate of Appealability" in this court.

The First Circuit docketed Beltran's appeal but noted that the case could not proceed in the absence of a certificate of appealability from the district court. The First Circuit treated Beltran's "Letter-Brief" as a motion for a certificate of appealability, which was filed in the circuit court on October 4, 2010. The circuit court transmitted the motion to this court for ruling.

As directed by the First Circuit's order, the court now considers Beltran's motion, along with the Warden's objection. In his motion, Beltran falsely states that this court refused to issue a certificate of appealability. Beltran contends that his petition should have been allowed, despite its untimeliness, because extraordinary circumstances exist to support equitable tolling. "'When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,' as here, a certificate of appealability

2

should issue only when the prisoner shows both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" <u>Jimenez v. Quarterman</u>, 129 S. Ct. 681, 684 n.3 (2009) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

Despite citing <u>Slack v. McDaniel</u>, Beltran failed to address the first part of the standard for issuing a certificate of appealability. He does not discuss the merits of his claims or even list them. He merely states in conclusory fashion that jurists of reason would find it debatable whether his petition states valid claims.

A review of Beltran's petition shows that he raises a claim of ineffective assistance of counsel, two evidentiary issues, and challenges his sentence. The New Hampshire Supreme Court rejected the evidentiary issues, based on state law. <u>See</u> <u>State v. Beltran</u>, 153 N.H. 643, 648-49 & 651-52 (2006). No issue of federal law was addressed in that decision. Beltran did not raise the sentencing issue on direct appeal and acknowledges that he has never raised the ineffective assistance of counsel claim in state court. As such, Beltran's claims appear to have a

variety of other procedural defects, in addition to the timeliness issue.

As stated in the previous order, petitions under § 2254 must be filed within the one-year limitations period provided by 28 U.S.C. § 2244(d)(1)(A). The New Hampshire Supreme Court affirmed Beltran's conviction on June 14, 2006, and the time to seek a writ of certiorari to the Supreme Court was 120 days, making his conviction final on October 12, 2006. The Sentence Review Board denied Beltran's petition for a reduced sentence on January 29, 2008. Beltran filed the petition in this court on June 14, 2010. The court previously determined that none of the statutory exceptions or tolling provisions applied. Because the one-year limitations period expired, at the latest, on January 28, 2009, Beltran's petition was time barred.

Beltran does not dispute that his petition was untimely under the statutory provisions. In support of his claim that reasonable jurists could find it debatable whether his petition was time barred, Beltran argues that extraordinary circumstances support equitable tolling of the limitations period in his case. The limitations period in "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. 2549, 2561 (2010). Equitable tolling is appropriate only if the petitioner shows "(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted).

The extraordinary circumstances Beltran raises are that there was a six-month delay between the court's decision on his direct appeal and the time he was notified of the decision, that his appellate counsel did not inform him about the status of his case for seven months because Beltran had been transferred out of state after the conclusion of his appeal, and that the New Hampshire Department of Corrections refused to provide him with legal assistance. As the Warden points out, the six and seven month delays Beltran raises did not prevent a timely filing. Because Beltran was not entitled to legal assistance from the Department of Corrections, the Department's refusal to provide assistance would not be an extraordinary circumstance entitling him to relief.

Beltran has not demonstrated that jurists of reason would find it debatable whether his petition states valid claims of the denial of a constitutional right or that jurists of reason would find it debatable whether his petition was time barred. Therefore, he has not shown that a certificate of appealability should issue in this case.

## Conclusion

For the foregoing reasons, the petitioner's motion for a certificate of appealability (document no. 11) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

November 18, 2010

cc:   Christopher Beltran #551546-OS01576, pro se
      Elizabeth C. Woodcock, Esquire